[L.A No. 32321. Feb. 8, 1988.]

JOSEPH DANIEL POWERS, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Joseph Daniel Powers, in pro. per. for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., Richard J. Zanassi and Harriett Cohen for Respondent.

OPINION

**THE COURT.**—This is a proceeding to review the recommendation of the State Bar Court that petitioner Joseph Daniel Powers be disbarred. The recommendation is based on a finding that Powers wilfully failed to comply with the provisions of rule 955, California Rules of Court.

 Powers contends that disbarment is unwarranted because he had no notice of the rule 955 proceedings and did not believe that the requirements of rule 955 applied to him since he had no clients or pending cases at the time he was ordered to comply with rule 955. We disagree.

Powers was admitted to practice in 1970. He has a prior disciplinary record involving three separate matters. In 1971, he removed from his trust account, without authorization, $5,000 that had been deposited on behalf of a client. He was criminally prosecuted for his conduct and in March 1973 was placed on interim suspension by this court following his plea of nolo contendere to violation of Penal Code sections 484 and 487 (misdemeanor grand theft). (Bar Misc. 3554.) In August 1974, we issued an order terminating the suspension on the ground that the period of interim suspension was adequate discipline.

In 1975, Powers was publicly reproved for wilfully delaying settlement of an estate for which he had been retained in January 1971.

In May 1983, Powers was placed on probation for one year on conditions including no actual suspension for failing to notify his client in 1978 that the client was to appear for deposition, for failing to appear on the date set, for failing to notify the client of the resulting motion to dismiss the client's action with prejudice, and for failing to appear at the hearing on the dismissal motion. (Bar Misc. 4594.) Although Powers had been personally served with the State Bar's notice to show cause and the notice of hearing date, he did not appear at the December 15, 1981, hearing. In August 1982, Powers signed for receipt of the notice of hearing before the review department. Again, he failed to appear.

In August 1983, a notice to show cause was issued regarding revocation of probation for Powers's failure to comply with the conditions of probation. Specifically, Powers failed to meet with the probation monitor assigned to him, and he failed to file the reports required as a condition of probation. Efforts to personally serve the notice of the probation revocation hearing were fruitless; notice was ultimately published in December 1984. The declaration in support of the application for publication of notice stated: (1) Powers had vacated his official State Bar address—9550 Warner Ave., Fountain Valley, California—in May 1980. (2) Powers was not to be found at the address listed for his current driver's license. (3) There was no Orange County telephone listing, business or personal, for Joseph D. Powers. (4) The Orange County Department of Voter's Registration said that Powers was not registered to vote.

The hearing on probation revocation was held on March 25, 1985. Powers did not appear. The hearing panel and review department recommended that probation be revoked.

By order dated November 20, 1985, we set aside the stay of suspension and ordered Powers suspended for one year and until he passed the Professional Responsibility Examination. We also ordered him to comply with the provisions of rule 955, California Rules of Court and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of our order.

In March 1986, we issued an order reciting that Powers had failed to file an affidavit containing the matters specified in subdivision (c) (attesting to compliance with the provisions of subdivision (a) and giving an address where communications may be directed) of rule 955, California Rules of Court, and referred the matter to the State Bar for hearing and report on whether Powers's failure to comply was wilful and, if so, for a recommendation as to discipline. He was served by mail with the order and notice of hearing, but the mail was returned as undeliverable. Powers did not appear at the hearing which was held on November 5, 1986. He also failed to appear before the review department at its January 29 and 30, 1987, meeting when it adopted the hearing panel's decision recommending disbarment based on its finding of a wilful failure to comply and Powers's prior disciplinary record.

The hearing panel based its finding of wilfulness on Powers's failure to appear and his failure to communicate with either the State Bar or this court. The panel noted that all communications regarding this matter had been sent to the address listed in the official membership records and returned as undeliverable. Essentially, it found the lack of notice and

communication to be Powers's fault because he had the obligation to keep the State Bar informed of his current address.

Powers came to life again in November 1986 when he took and passed the Professional Responsibility Examination. In early January 1987 he contacted the State Bar about paying his back dues and reinstating his active membership. He updated his address at that time and apparently was reinstated. The notice of the review department meeting apparently was sent before Powers updated his address on January 5, 1987. Powers states he learned of the rule 955 proceeding when a copy of the minutes of the review department meeting was mailed to him on March 25, 1987.

■ Powers contends his violation of rule 955 was not wilful because he had a bona fide and reasonable belief that rule 955 did not apply to him because he had no law practice, clients or pending cases at the time. His contention fails on two levels. First, he was already out of contact with us and the State Bar at the time he was ordered to comply with rule 955 in November 1985; all notices were returned by postal authorities. Second, rule 955, subdivision (c), requires the filing of an affidavit showing compliance and providing an address where communications may thereafter be directed. Thus, even though there were no clients or counsel to notify pursuant to subdivision (a) of rule 955, Powers was still required to file an affidavit with us pursuant to subdivision (c). Any belief Powers may have had about the inapplicability of rule 955 was clearly unreasonable even if in good faith.

Powers's claim of lack of wilfulness is unpersuasive. "Wilfulness" in the context of rule 955 does not require bad faith and is not necessarily dependent upon knowledge of the provision which is violated. (*Hamilton* v. *State Bar* (1979) 23 Cal.3d 868, 873-874 [153 Cal.Rptr. 602, 591 P. 2d 1254].) Powers does not deny that all notices were given in accordance with the State Bar Rules of Procedure. ■ Powers's failure to comply with his obligation to keep the State Bar informed of his current address is illustrative of his complete indifference to his professional obligations. Indeed, he failed to appear at proceedings in 1981 and 1982 even when he did receive notice of them.

Powers further contends that he was not afforded reasonable notice. This claim depends upon the reasonableness of the requirement that an attorney keep the State Bar informed of his current address. We believe that requirement is reasonable, and Powers provides no cogent argument to the contrary.

Powers apparently disregarded all State Bar communications and obligations after shutting down his practice in 1981. He failed to appear at hear-

ings of which he had notice in 1981 and 1982 and terminated all contact with the State Bar at that time. Now he has decided he wants to practice law again and wants to be excused for all of his misfeasance. He fails, however, to present any persuasive reason why he should be excused, and his record of discipline weighs heavily against leniency. Accordingly, we adopt the recommendation of disbarment.

It is ordered that Joseph D. Powers be disbarred from the practice of law and that his name be stricken from the roll of attorneys. It is further ordered that Powers comply with the requirements of rule 955 of the California Rules of Court and that he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of this order. This order is effective upon the finality of this decision.