[No. S013082. May 31, 1990.]

JOSEPH D. DAHLMAN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**Counsel**

Joseph D. Dahlman, in pro. per., for Petitioner.

Diane C. Yu, Richard J. Zanassi and Mara Mamet for Respondent.

**Opinion**

**THE COURT.**—We review the recommendation of the Review Department of the State Bar Court of California (review department) that petitioner Joseph D. Dahlman (petitioner) be disbarred and required to comply with rule 955, California Rules of Court for his failure to comply with the provisions of our order of March 23, 1988, requiring him to file an affidavit under rule 955. After reviewing the entire record and petitioner's contentions, we adopt the recommendation of the review department.

### FACTS AND PROCEEDINGS BELOW

The findings of fact of the Hearing Department of the State Bar Court (hearing department) in this matter, which were, save for two minor corrections, wholly adopted by the review department, reflect that: Petitioner was admitted to the practice of law in California on June 14, 1965.

By stipulation filed November 21, 1986, petitioner and the State Bar agreed to facts relating to six counts of professional misconduct, regarding which a notice to show cause was filed on March 8, 1984. It was further stipulated that discipline would be recommended whereby petitioner would be suspended from the practice of law for three years, be required to account for certain clients' funds he had received, distribute said funds to persons entitled thereto, report to the probation department of the State Bar Court for assignment of a probation monitor, comply with the State Bar Act and the Rules of Professional Conduct, pass the Professional Responsibility Examination, and comply fully with the provisions of rule 955.[1]

The State Bar Court issued its order approving stipulation re facts and discipline on November 17, 1986. Therein, the discipline recommended in the previously mentioned stipulation was ordered, including the rule 955 requirement.

By order filed March 23, 1988, and effective April 22, 1988, this court suspended petitioner from the practice of law for 3 years, ordering that he perform the acts set forth in the stipulation and that he comply with the provisions of rule 955(a) and rule 955(c) within 30 and 40 days, respectively, after the effective date of the order.

The office of the State Bar Court, by letter mailed to petitioner on April 25, 1988, reminded him of the terms of our March 23, 1988, order. A copy of rule 955 was enclosed with this letter. Petitioner's affidavit was not forthcoming by the date due.

On July 14, 1988, this court issued an order referring this matter to the State Bar for a hearing on the question of whether petitioner had wilfully failed to comply with the provisions of our order dated March 23, 1988. In this order, we requested that a recommendation as to discipline be made if a wilful failure to comply with our order was found.

On November 10, 1988, a deputy clerk of this court executed a declaration stating that as of the date of the declaration, the records of this court showed that copies of our orders dated March 23, 1988, and July 14, 1988, were mailed, with postage prepaid, to petitioner at the address recorded for him upon the records of the State Bar and that these mailings were not returned. As of the date of the declaration, the files of this court did not

---

[1] Although the stipulation is somewhat confusing at one point, referring to a "Probation Monitor Referee," petitioner was not placed on probation. Our order filed March 23, 1988, actually suspended petitioner from the practice of law for three years. We further ordered that petitioner comply with rule 955.

contain an affidavit from petitioner setting forth the matters required by rule 955.

The declaration of Nancy Bohannon, chief deputy court clerk of the State Bar Court, executed on January 19, 1989, states that on April 25, 1988, the Clerk of the State Bar Court mailed by first class mail, postage prepaid to petitioner, this court's order of March 23, 1988, suspending petitioner from the practice of law, along with a copy of rule 955. These documents were mailed to petitioner at the address given in the State Bar's official membership records. This mailing was not returned. As of the date of Ms. Bohannon's declaration, *no evidence of petitioner's compliance with rule 955 within the period required by our order was on file with the State Bar.*

On or about August 15, 1988, the clerk's office of the State Bar Court notified petitioner that it appeared he had not filed the required affidavit, that he had failed to comply with this court's order of March 23, 1988, and that the matter had been referred to the State Bar for a hearing and report of whether he had wilfully failed to comply. Petitioner was notified he should be present in person or by counsel, or both, at a public hearing on the issues referred by this court.

Thereafter, the matter was set for hearing on February 1, 1989, at the offices of the State Bar Court in San Francisco, and petitioner was notified of the time and place set for the hearing. Petitioner, without explanation, failed to appear at the hearing, either in person or by counsel.

The hearing and review departments both found that the record clearly and convincingly supported the conclusion of law that petitioner had wilfully failed to file with this court an affidavit concerning the matters set forth in rule 955(a) as required by our order of March 23, 1988. Both the hearing and review departments found that, without explanation or defense, petitioner had deliberately ignored this court's order. Both departments found petitioner's conduct amounted to a wilful violation of this court's order and a violation of the duty to cooperate and participate in disciplinary investigations and proceedings. (Bus. & Prof. Code, §§ 6068, subd. (i), 6103.) Both departments believed petitioner's misconduct to be of sufficient gravity to recommend disbarment.

## DISCUSSION

The review department's recommendation of disbarment is within the range of appropriate discipline for violations such as petitioner's (Bus. & Prof. Code, § 6100), and is consistent with the Standards for Attorney

Sanctions for Professional Misconduct (Rules Proc. of State Bar, div. V; all further references to standards are to this source). (Std. 2.6.) ■ While we must exercise independent judgment in determining the appropriate level of discipline to be imposed in any particular case (*Greenbaum* v. *State Bar* (1987) 43 Cal.3d 543, 550 [237 Cal.Rptr. 168, 736 P.2d 754]; *In re Chira* (1986) 42 Cal.3d 904, 909 [231 Cal.Rptr. 560, 727 P.2d 753]), we give great weight to the disciplinary recommendations of the review department (*In re Severo* (1986) 41 Cal.3d 493, 500 [224 Cal.Rptr. 106, 714 P.2d 1244]) and the factual findings of the hearing department (*In re Kreamer* (1975) 14 Cal.3d 524, 532, fn. 5 [121 Cal.Rptr. 600, 535 P.2d 728]). The petitioner bears the burden of showing that the review department's recommendation is erroneous or unlawful. (Bus. & Prof. Code, § 6083, subd. (c); *Weber* v. *State Bar* (1988) 47 Cal.3d 492, 501 [253 Cal.Rptr. 573, 764 P.2d 701].) Petitioner's meager efforts fail to discharge this burden.

■ Petitioner contends his failure to obey our order of March 23, 1988, was not wilful, but owing to inadvertence and excusable neglect. ■ We have defined "wilful" under rule 955 as "simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate the law, or to injure another, or to acquire any advantage." (*Phillips* v. *State Bar* (1989) 49 Cal.3d 944, 952 [264 Cal.Rptr. 346, 782 P.2d 587], internal quotation marks omitted.) Moreover, wilfulness under rule 955 does not require bad faith or actual knowledge of the provision which is violated. (*Lydon* v. *State Bar* (1988) 45 Cal.3d 1181, 1186 [248 Cal.Rptr. 830, 756 P.2d 217].) ■ Petitioner had previously stipulated to the requirement that he comply with rule 955, and had been repeatedly reminded of this requirement and of the terms of rule 955. Petitioner does not deny that he failed to comply with the terms of our March 23, 1988, order. In view of these circumstances, we are not persuaded that petitioner's failure to comply was less than wilful.

In a one and one-half page "Brief and Declaration" filed with this court on November 30, 1989 (petitioner's brief), petitioner makes several factual claims in support of his contention that his failure to comply with our order was owing to inadvertence and excusable neglect. ■ We are generally reluctant to rely on any evidence that is extrinsic to the record of the proceedings before the State Bar. (*Bercovich* v. *State Bar* (1990) 50 Cal.3d 116, 126 [266 Cal.Rptr. 341, 785 P.2d 889]; *In re Rivas* (1989) 49 Cal.3d 794, 801 [263 Cal.Rptr. 654, 781 P.2d 946].) Such evidence must be discounted in view of the fact that it is virtually impossible to evaluate in the absence of cross-examination. (*Lydon* v. *State Bar, supra*, 45 Cal.3d 1181, 1187.) With these considerations in mind, we examine petitioner's claims seriatim:

██ Firstly, petitioner says that in summer 1988 he contacted Attorney Peter Brekhus (Brekhus), who had been appointed as a probation monitor for petitioner, and asked him for assistance in preparing whatever documentation had to be filed with this court. Petitioner says he told Brekhus that he (petitioner) "had no difficulty in executing any Declarations under rule 955," but that Brekhus "indicated that he was not in a position to assist me." Petitioner says that he subsequently contacted counsel for the State Bar, Mara Mamet (Mamet), requesting assistance with the documentation, but was refused.

Such a nebulous claim is almost impossible to evaluate. In view of petitioner's concession that he "had no difficulty" in executing whatever declarations were required, it is difficult to understand what assistance he might have required of, or been refused by, Brekhus. Similarly, we are unable to discern from petitioner's skeletal communication what assistance he required or desired of Mamet. Rule 955(a) requires, inter alia, that a disbarred or suspended attorney notify clients, as well as opposing counsel or adverse parties, of the disbarment or suspension. Such notification may be accomplished by registered or certified letters to the appropriate parties. (Rule 955(b).) Rule 955(c) requires service of an affidavit upon this court of the attorney's compliance with rule 955(a). Petitioner is manifestly able to compose, print, and arrange for the mailing of written communications with this court and, presumably, with other parties. He does not explain in what way he required Brekhus's or Mamet's assistance to accomplish these tasks. Nor can Brekhus be faulted for failing to act as petitioner's attorney in the instant disciplinary proceedings.

Secondly, petitioner says that, having relocated to the town of Gloucester, Virginia, in order to reconcile with, and find work to support, his family, he has no "access to any libraries or other facilities to assist me in the proceedings or the preparation of any documentation in order to adequately represent myself."

Petitioner does not explain to which materials he needs access, or at what distance they lie from him. Even assuming, however, that petitioner's assertions about lack of access to libraries accurately describe his circumstances, we cannot conclude that petitioner has been denied a fair opportunity to defend himself in the disciplinary proceedings against him. ██ State Bar disciplinary proceedings are administrative in nature, not governed by the rules of criminal procedure. (*Walker* v. *State Bar* (1989) 49 Cal.3d 1107, 1115 [264 Cal.Rptr. 825, 783 P.2d 184]; *Emslie* v. *State Bar* (1974) 11 Cal.3d 210, 225-226 [113 Cal.Rptr. 175, 520 P.2d 991].) Petitioner's only due process entitlement is to a fair hearing overall. (*Walker* v. *State Bar, supra,* 49 Cal.3d at pp. 1115-1116; *Rosenthal* v. *State Bar* (1987) 43 Cal.3d

612, 634 [238 Cal.Rptr. 377, 738 P.2d 723].) ■ Petitioner simply has made no showing that the fairness of the hearing afforded him was even affected by his distance from libraries or other research facilities.

Thirdly, petitioner says that he was told by State Bar counsel that, "with the permission of the Referee" the hearing held to determine whether he had wilfully failed to comply with our March 23, 1988, order could be conducted by conference telephone call. He says further that he attempted to make such a telephone call at the time of the hearing, but was advised when he called that the hearing was over and that he should pursue the matter at the review department proceedings in his case.

Assuming that petitioner's asserted conversation with State Bar counsel has been faithfully and fully related, it does not provide grounds for disregarding the recommendation of the review department. Petitioner does not allege he obtained the "permission of the referee" on which he concedes the State Bar's purported agreement to conduct the hearing by telephone was conditioned. Nor does petitioner allege that he timely initiated the requisite telephone call; on the contrary, it appears from petitioner's own statement that he made contact only after the hearing. Moreover, petitioner does not allege what evidence, if any, he might have given to alter the outcome in this matter if he had managed to arrange and conduct the hearing by telephone.

Fourthly, petitioner claims he received no notice of the review department proceedings held in his case. This assertion conflicts with petitioner's own statement that he was advised, when attempting to complete a conference telephone call to the hearing department, to take up the matters he wished to discuss "at the time of the review hearing." The State Bar claims to have mailed petitioner a copy of the hearing department's decision and to have advised petitioner at that time of the review procedures available to him. Moreover, petitioner fails utterly to allege that he could have presented evidence or testimony before the review department that would have affected the outcome in his case. We cannot, under circumstances indicating that petitioner has consistently failed to cooperate or participate in these disciplinary proceedings, credit his assertion of lack of notice.

Lastly, petitioner claims that he is financially unable to travel to California, to employ counsel to represent him, or to further cooperate with the State Bar in relation to the disciplinary proceedings against him.

■ As previously noted, petitioner has no due process right to be represented by counsel in State Bar disciplinary proceedings. (*Walker* v. *State Bar, supra,* 49 Cal.3d at p. 1116.) ■ Nor has he demonstrated

that his having, for financial reasons, to represent himself in these proceedings has in any way impaired the overall fairness of his hearing. Petitioner could have complied with rule 955 without having to travel to California, since that rule's requirements, as previously noted, may all be met through mailed communication. Petitioner has failed to demonstrate, either in the course of State Bar proceedings or by his assertions to this court, financial, geographic or other circumstances that excuse his failure to comply with our order.

Petitioner has chosen to ignore the efforts of both the State Bar and this court to obtain his compliance with rule 955. At no time during the course of the State Bar proceedings did petitioner appear to present evidence on the issue of his noncompliance, nor has he ever filed the required affidavit. ■ In such circumstances, wherein an attorney has evidenced an indifference to the disciplinary system that is designed to protect the public, the courts, and the legal profession, we have not hesitated to impose disbarment. (See, e.g., *Powers* v. *State Bar* (1988) 44 Cal.3d 337 [243 Cal.Rptr. 386, 748 P.2d 324].)

*Powers, supra*, involved an attorney who had a prior disciplinary record involving misappropriation of clients' funds and lack of diligence in providing legal services. His probation was revoked for failure to meet with his probation monitor and for otherwise failing to conform to his probation conditions. Later, he was suspended from practice and ordered to comply with rule 955. When he failed to file the affidavit required by rule 955(c), we referred the matter to the State Bar for a hearing and report on whether his failure to comply was wilful and, if so, for a recommendation as to discipline. He was served by mail with the order and notice of hearing, but the mail was returned as undeliverable. He had vacated his official State Bar address, providing no other. Noting that he had "apparently disregarded all State Bar communications and obligations after shutting down his practice," we adopted the review department's recommendation of disbarment. (*Powers* v. *State Bar, supra*, 44 Cal.3d at pp. 341-342.) Petitioner's failure to cooperate in the conduct of the disciplinary proceedings against him, as well as his failure to file a rule 955 affidavit in compliance with our order of March 23, 1988, warrants discipline similar to that imposed in *Powers*.

#### DISPOSITION

Accordingly, it is ordered that Joseph D. Dahlman be disbarred from the practice of law in California and that his name be stricken from the roll of attorneys. It is further ordered that Dahlman comply with the requirements of rule 955 of the California Rules of Court and that he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days,

respectively, after the effective date of this order. This order is effective upon the finality of this decision in this court. (See Cal. Rules of Court, rule 24(a).)